```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

BOL PECH,                         )
          Petitioner,             )
                                  )   C.A. No. 04-11414-GAO
     v.                           )
                                  )
JOSEPH MCDONOUGH, SHERIFF,        )
          Respondent.             )
```

MEMORANDUM AND ORDER

Now before the Court is petitioner's request for release from detention. For the reasons set forth below, (1) the Clerk shall serve the petition on respondent; and (2) Mr. Pech shall either pay the $5.00 filing fee for filing a habeas action or file an Application to Proceed Without Prepayment of Fees.

BACKGROUND

On June 22, 2004, Bol Pech, now detained by Department of Homeland Security at the Plymouth County Correctional Facility, submitted for filing his self-prepared request for release from detention. Mr. Pech alleges that he has been detained since August 8, 2002, and that his country of citizenship, Cambodia, will not "take [him] back." Mr. Pech's petition references Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001) (district court may review an alien's constitutional and statutory claims based on his continued detention after being ordered removed).

DISCUSSION

I.  Parties Must Pay the Filing Fee or File An
    Application to Proceed Without Prepayment of Fees

A party filing a civil complaint or habeas petition in this Court must either (1) pay the applicable filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit (the "Application").  See 28 U.S.C. 1914(a) ($5.00 filing fee for habeas petitions; $150.00 filing fee for civil complaints); 28 U.S.C. 1915 (proceedings in forma pauperis).

Petitioner has not paid the filing fee and has not submitted a request to have the filing fee waived.  Therefore, he will be granted additional time to pay the applicable fee or submit an Application to Proceed Without Prepayment of Fees.

II.  Habeas Petition

Mr. Pech brings his request for release pursuant to Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001) and his pleading will be treated as a habeas petition pursuant to 28 U.S.C. § 2241.  Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner seeking release who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(a) and

(c)(3).

To the extent Mr. Pech's claims for release are cognizable under Section 2241, the proper respondent would the Warden of the Plymouth County Correctional Facility.  See 28 U.S.C. § 2243 (A writ of habeas corpus must be "directed to the person having custody of the person detained."); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained).

Although district courts lack jurisdiction to review final orders of removal, such courts may review a detainee's constitutional challenge to his confinement.[1]  See Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001) (district court may review in a habeas proceeding an alien's constitutional and statutory claims based on his continued detention after being ordered

---

[1] Section 1231(a) provides that the Government "shall" remove an alien within 90 days after the entry of a final removal order and that aliens must be held in custody during this 90-day removal period.  8 U.S.C. § 1231(a)(1), (2). After the 90-day removal period has passed, the Government "may" continue to detain certain categories of aliens, such as criminal aliens or aliens who present a risk to the community or who are unlikely to comply with the removal order.  8 U.S.C. § 1231(a)(6).

removed).

Petitioner alleges that he has been detained for almost two years, that he is under a final order of removal, and that there is no significant likelihood of removal in the "reasonably foreseeable future."  See Zadvydas, 533 U.S. at 701.

Accordingly, the Court will allow Mr. Pech's habeas claims to proceed at this time and will direct the clerk to serve the petition.

## ORDER

ACCORDINGLY, it is hereby ORDERED that:

1. Mr. Pech shall, within twenty-one (21) days of the date of this Memorandum and Order, either pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees.  Failure to do so will subject this action to dismissal.

2. The Clerk shall serve a copy of the habeas petition upon: (1) the office of the United States Attorney; (2) Frank Crowley, Immigration and Naturalization Service, Special Assistant United States Attorney, P.O. Box 8728, JFK Station, Boston, MA  02114; AND (2) Sheriff McDonough, Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, MA  02360.

3. The Respondent, within twenty (20) days of receipt of this Memorandum and Order, shall file an answer (or other responsive pleading) to the habeas petition.

4. The Clerk shall send Mr. Pech with a copy of this Memorandum and Order an Application to Proceed Without Prepayment of Fees.

Dated at Boston, Massachusetts, this 23rd day of June, 2004.

```
                              /s/ George A. O'Toole
                             GEORGE A. O'TOOLE
                             UNITED STATES DISTRICT JUDGE
```